# CIRCUIT COURT OF LANCASTER COUNTY

D. Scott Appling

v.

McDonald's Corp. et al.

May 16, 1996

BY JUDGE JOSEPH E. SPRUILL, JR.

The plaintiff here purchased and consumed a chicken sandwich at a McDonald's restaurant in Kilmarnock. After eating the sandwich, he noticed what he believed to be blood on the wrapper which had enclosed the sandwich. He alleges the blood came from a cook who made the sandwich and who had cut his hand and bled on the wrapper. He claims that since this discovery, he has suffered severe emotional distress and has been and will continue to be tested for HIV and hepatitis. He brings this action for damages against the defendants, McDonald's Corporation and Curtis Hand, owner and manager of the restaurant.

The defendants have demurred and move for summary judgment.

The principal issue raised by the Motion for Summary Judgment is whether the plaintiff's allegations of severe emotional distress and physical injury constitute a claim sustainable under the laws of the Commonwealth.

The plaintiff alleges that as a result of the "possible ingestion of blood" he is fearful for his own well-being, that of his friends and family, and that he has been caused severe emotional distress making him become upset, both physically and mentally. In answers to interrogatories, plaintiff describes his injuries, physical, emotional, or otherwise, as follows:

A. I am deeply disturbed many times when I eat in a restaurant, after this incident of coming in contact with and possibly ingesting another individual's blood, I have a fear that someone else may contaminate me or infect me or my food in some way. When I think about this

happening again or when I think about catching something from this incident, I feel very nauseous and distressed.

This answer, of course, may be used for purposes of considering a motion for summary judgment. Rule 4:8(e).

The defendants argue in their Motion for Summary Judgment that the plaintiff has not stated a physical injury, and, therefore, his claim for emotional distress must fail.

The rule governing this issue is set out in *Hughes v. Moore*, 214 Va. 27 (1973).

Where the claim is for emotional distress and physical injury resulting therefrom, there may be recovery for negligent conduct, notwithstanding the lack of physical impact provided the injured party … proves by clear and convincing evidence that his physical injury was the natural result of fright or shock proximately caused by the defendant's negligence.

The question here is whether the plaintiff has suffered physical injury. In *Myseros v. Sissler*, 239 Va. 8 (1990), the plaintiff's disorder was accompanied by sweating, dizziness, nausea, difficulty in sleeping and breathing, constriction of the coronary vessels, two episodes of chest pain, hypertension, unstable angina, loss of appetite and weight, change in heart function, and problems with the heart muscle.

The Supreme Court held in *Myseros* that all that Sissler proved were the "typical symptoms of an emotional disturbance" for which there can be no recovery under *Hughes v. Moore* in the absence of resulting physical injury. The Court found in this case that Myseros did not suffer a physical injury, and, therefore he had no compensable claim.

The injuries described in the instant case are less severe, detailed, or physical than those claimed by Sissler. Therefore, we conclude that the plaintiff has not suffered physical injury within the meaning of *Hughes v. Moore* and has no damages which are compensable.

For these reasons, the Motion for Summary Judgment will be sustained.

The other issues raised by the demurrers and summary judgment motions are moot and need not be addressed.